# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD DOC VAUGHAN, *#368-231*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-0813 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, ROXBURY CORRECTIONAL INSTITUTION,[1] ANTHONY HUTZLER, *COII*, RILEY STRAWDERMAN, *COII*, and BRENDAN RENNER, *COII*, | * * * * | |
| Defendants. | | |

\*\*\*

## **MEMORANDUM OPINION**

Self-represented plaintiff Donald Doc Vaughan, currently incarcerated at Western Correctional Institution in Cumberland, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against the Department of Public Safety and Correctional Services ("DPSCS"), Roxbury Correctional Institution ("RCI"), and Correctional Officers Anthony Hutzler, Riley Strawderman, and Brendan Renner, alleging excessive force in violation of his Eighth Amendment rights. ECF No. 1. Plaintiff seeks monetary damages. *Id.*

On July 31, 2020, Defendants filed a Preliminary Motion to Dismiss, or, in the Alternative, for Summary Judgment. ECF No. 11. Plaintiff was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in dismissal of the complaint. ECF No. 12. Plaintiff filed nothing further to oppose Defendants' motion.

---

[1] The Clerk shall correct the name of Roxbury Correctional Institution, currently R.C.I., on the docket.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the court will grant Defendants' motion.

## Background

Plaintiff claims that on February 2, 2018, "between 4:30 pm to 5:00 pm," he was assaulted by several correctional officers. ECF No. 1 at 2. He asserts that Defendant Renner struck him several times in the head and face, that Defendant Hutzler put him into a headlock, and Defendant Strawderman body slammed him. *Id.*

Defendants state that Plaintiff previously filed a claim based on these same facts regarding an excessive force incident on February 2, 2018, in which Plaintiff claimed Defendant Renner struck him in the face and Defendants Strawderman and Hutzler used excessive force while aiding Defendant Renner during the incident. ECF No. 11-1 at 1, 4. Moreover, Plaintiff names Defendant RCI in each case, but does not allege any particular facts regarding the institution. *Id.* at 4. Defendants claim that in the previous case, CCB-19-183, the court dismissed the claims against Defendant Strawderman and entered summary judgment in favor of the other named defendants. *Id.* at 2-3. Defendants state that DPSCS was not named as a defendant in the previous lawsuit and in the instant case, Plaintiff does not make any allegations against the agency. *Id.* at 4. Based on these facts, Defendants assert that Plaintiff's claims are barred by res judicata.

## Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the

elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible

3

where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because the Defendants filed a motion titled as a motion to dismiss or for summary judgment, plaintiff was on notice that the court could treat the motion as one for summary judgment and rule on that basis. Accordingly, the court will review Plaintiff's claims against Defendants under the Rule 56(a) standard.

## Analysis

### I.  RCI and Correctional Officers

In Civil Action CCB-19-183, Plaintiff filed a complaint against Warden Denise A. Gelsinger, COII B. Renner, COII A. Hutzler, COII R. Strawderman, Roxbury Correctional Institution, Wayne Hill, and T.A. Williams on January 18, 2019. *See* CCB-19-183, ECF No. 1. There, Plaintiff claimed that on February 2, 2018, while being moved between tiers, Renner made "several strikes to [Plaintiff's] head and facial area." CCB-19-183, ECF No. 6 at 3. Plaintiff claimed that he was trying to defend himself from Renner when Hutzler and Strawderman came to assist Renner. *Id.* at 3-4. The court granted summary judgment in favor of defendants on November 26, 2019. CCB-19-183, ECF No. 23. In its opinion, the court dismissed RCI because the prison was not a person within the meaning of 42 U.S.C. § 1983 and found that Plaintiff had initiated an attack on Renner and that Renner and the officers who came to his aid responded in kind to protect Renner and restore discipline to the prison. CCB-19-183, ECF No. 22 at 9, 12. The

court concluded that as Plaintiff did not allege that the use of force continued after he chose to cooperate, the use of force had been used to restore order and gain Plaintiff's compliance. *Id.* at 12.

*Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Plaintiff's claims are barred by *res judicata*. A final judgment on the merits of Plaintiff's excessive force claim was issued in Civil Action CCB-19-183, upon the court Order granting the defendants' motion for summary judgment. The prior cause of action against Defendants Renner, Hutzler, Strawderman, and RCI regarding the alleged excessive force used in an incident on February 2, 2018, are the same as in this case.[2] Moreover, Plaintiff has named these same parties in his complaint in this case. Accordingly, the doctrine of *res judicata* applies and summary judgment shall be granted in favor of Defendants Renner, Hutzler, Strawderman, and RCI.

## II.     DPSCS

---

[2] Defendant RCI was included in both cases in name only. In neither case does Plaintiff make any allegations against the prison.

Plaintiff names Defendant DPSCS in this matter in name only and does not include any allegations against the agency. Regardless, DPSCS, like RCI, is not a "person" within the meaning of 42 U.S.C. § 1983, which provides in relevant part:

> "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured[.]"

42 U.S.C. § 1983 (emphasis added). Further, as a State agency, the Eleventh Amendment to the Constitution provides immunity from suit in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 99 (emphases in original). Therefore, the complaint as to DPSCS will be dismissed.

### Conclusion

The Defendants' Motion, construed as a motion for summary judgment, is granted. Plaintiff's claims against the Defendants are dismissed.

A separate Order follows.

10/27/2020  
Date

/s/  
Catherine C. Blake  
United States District Judge

6